UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | Crim. No.: 6:23-CR-00114-JDK |
| | § | |
| v. | § | |
| | § | |
| FRANCISCO MARTINEZ | § | |
| | § | |
| Defendant. | § | |

**GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

The United States of America, by and through the United States Attorney for the Eastern District of Texas, files this Response in Opposition to Defendant's Motion to Dismiss Indictment and would respectfully show the Court as follows:

**PROCEDURAL BACKGROUND**

On October 18, 2023, a federal grand jury for the Eastern District of Texas returned a two-count indictment against Francisco Martinez for violations of two federal criminal laws:

**COUNT ONE:** 18 U.S.C. § 922(d)(10): Sale of Firearm to Person who Intends to Further Drug Trafficking Crime

**COUNT TWO:** 18 U.S.C. § 924(c): Use, Carrying or Possessing a Firearm During and in Relation to a Drug Trafficking Crime, and Aiding and Abetting

On February 11, 2025, Martinez filed a motion to dismiss this indictment. (ECF 44). Each of the motion's four arguments are discussed below, with the first and forth discussed together.

**I. COUNTS ONE AND TWO OF THE INDICTMENT ARE CONSTUTITONAL**

The Second Amendment recognizes that the right to keep firearms is essential to ordered liberty, security, and preserving freedom. It reads: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend II.  In the first section of the Motion to Dismiss, Martinez argues that the allegation in Count One relies on an unconstitutional law, due to 18 U.S.C. § 922(d)(10) restricting the "right" to unrestricted sale of a firearm.  In the fourth section, Martinez argues that the allegation in Count Two is unconstitutional, but offers no argument, and cites only a well-researched Magistrate Judge's decision explaining why 18 U.S.C. § 924(c) *is* constitutional.

The Supreme Court, in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 38 (2022), provided a two-step analysis for the constitutionality of both counts:

**(1) Whether the Second Amendment's plain text covers an individual's conduct; and, if so,**

**(2) the Government "must justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."**

Regarding the first step of *Bruen* analysis, neither Count in the Indictment restricts Martinez's access to weapons for his own defense, or for militia duty, or disarms him at all.  Count One bars arming an apparent drug trafficker, by giving or selling a firearm, to a list of categories such as drug trafficker. Martinez argues at length that the right to bear arms protects a right to acquire arms, quoting Justices Thomas and Scalia, and discussing the interpretation of legal texts to properly expand the right to possess to cover the right to acquire.  (ECF 44, 1-2).  He is correct.  Being able to obtain guns is within the scope of the right.  This is a red herring.  Martinez's acquisition or ownership of an AK-47 is not of criminal concern to the Government.  We only mind that the AK-47 was used to further cocaine distribution and sold to a cocaine dealer.  Selling a gun to a drug dealer is obviously not conduct mentioned in or protected by the Second Amendment, however Martinez's constitutionality argument for unrestricted gun sales is summarized: "Mr. Martinez has the right to […] sell or dispose of that firearm as he sees fit." (ECF. 44 , at 1).  The Supreme Court held that the government imposing conditions on the sale of firearms and prohibiting firearms from dangerous people is "presumptively lawful." (Majority Opinion) *D.C. v. Heller*, 128 S. Ct. 2783, 2816–17, (2008).  ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on […] laws imposing conditions and

qualifications on the commercial sale of arms.") 18 USC 922(d)(10) regulates more than commercial sales, but *Heller* is clear guidance that Martinez's wish to sell guns as he sees fit is not a Second Amendment right.

Count Two bars the use of a firearm in furtherance of a drug trafficking or violent felony. Using a gun to further the commission of a felony is axiomatically outside the scope of the Second Amendment. The first step of *Bruen* supports both counts of the indictment, and the analysis could end there.

In the alternative, adding the second step of *Bruen* reaches the same conclusion, by looking at historically analogous crimes, including the Statute of Northhampton of 1328. *Bruen* 142 S. Ct. 2111, 2145. ("[These statutes] merely codified the existing common-law offense of bearing arms to terrorize the people, as had the Statute of Northampton itself."). The very nature of the conduct proscribed under 18 U.S.C. § 924(c) goes to criminalizing the knowing possession of firearms in furtherance of a drug trafficking crime, i.e., the advancement of criminal conduct. Thus, 18 U.S.C. § 924(c) has a historical analogue to the prohibitions of bearing arms "in a way that spreads 'fear' or 'terror' among the people." *Id*. The Supreme Court noted that well before the founding of the United States, Chief Justice Herbert in Sir John Knight's Case interpreted this in Terrorem Populi element of the aforementioned law to require something more than merely carrying a firearm in public, and that the founders would have the same view of the propriety of laws barring firearms from those committing felony conduct. *Id.*

Selling firearms to criminals who cannot purchase guns legally can be a highly profitable business model. The Government anticipates proving Martinez sold his AK-47 for double its retail value. Martinez does not argue that this episode did not involve a bona fide drug trafficker. Nor could he. The drug trafficker identified in the Indictment as Individual 1, Felipe Santibanez, already pled guilty to Possession with Intent to Distribute Cocaine in Criminal Cause 6:23-CR-00020-JDK. If anyone's ability to bear arms is impacted by Count One, it's Santibanez, not Martinez. And the Supreme Court reiterated that firearms may be restricted by the intention of

Santibanez in *Heller*, at 620, and *McDonald v. City of Chicago*, 561 U.S. 742, 780 (2010) (plurality opinion). The Government's interest in deterring the arming of cocaine traffickers is great. Cocaine trafficking is violence trafficking, because cocaine damages the limbic system of the brain, with consequences ranging from "minor psychological aggression to major physical acts that include murder and rape." *Violent Behaviors Associated with Cocaine Use.* Int. J.L. of the Addictions. Volume: 26 Issue: 10: (1991) at 1077. "When an individual poses a clear threat of physical violence to another, the threatening individual may be disarmed." *Rahimi,* 144 S. Ct. at 1898, 1901 (majority opinion)." Finally, the Supreme Court has historically recognized that the disposal of a firearm in trade to a drug dealer is a legitimate Government concern, and with that argument upheld an 18 U.S.C. § 924(c) conviction. *See Smith v.United States*, 508 U.S. 223, 240 (1993) ("[D]rugs and guns are a dangerous combination.")

In conclusion, 150 years ago, the Supreme Court explained that the Second Amendment does not protect bearing arms for any reason, but rather protects "bearing arms for a lawful purpose." *United States v. Cruikshank*, 92 U.S. 542, 553 (1875). Selling cocaine is not a lawful purpose. In *Bruen*, the Court explained that the right "has traditionally been subject to well-defined restrictions governing the intent for which one could carry arms." 597 U.S. 1, 38. And *Rahimi* observed that the Second Amendment right "was never thought to sweep indiscriminately" and is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Rahimi*, 144 S. Ct. at 1897 (quoting *Heller* at 626).

The question of whether the Government can constitutionally keep firearms out of the hands of drug dealers, or regulate the sale of firearms, has been asked before. The answer is "yes."

## II. 18 U.S.C. § 922(d)(10) GIVES FAIR AND DEFINITE NOTICE OF THE CRIME

The language of this statute is: It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person, including as a juvenile—intends to sell or otherwise dispose of the firearm or

ammunition in furtherance of a felony, a Federal crime of terrorism, or a drug trafficking offense (as such terms are defined in section 932(a)).

If that seller has no reason to think a buyer will use the gun in the proscribed ways, the sale is not barred by this law. If the seller reading this law pauses and realizes there is reasonable cause to believe the buyer is a drug dealer, that sale is unlawful. If a law is so standardless that it invites arbitrary enforcement, enforcement would violate the Due Process Clause. *Kolender v. Lawson*, 103 S.Ct. 1855, (1983). "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Id*. A good faith reading of 18 U.S.C. § 922(d)(10) would give an ordinary person fair notice of the conduct it punishes, because the elements of knowing disposal of a firearm, and having, or not having, reasonable cause to believe the proscription exists is not standardless.

Martinez argues the statute provides no time frame, like virtually all criminal statutes. The Indictment alleges on or about October 18, 2022.

Martinez complains the statute requires a person to "know someone is going to commit a felony." (ECF 44 at 3). This misstates the scienter element of this offense, which requires a factual showing. Martinez continues into a related complaint that highlights this element's existence: "[h]ow can one know what reasonable cause to believe means[?]" This scienter requirement[1] is why this law is *not* void, and why enforcement of the crime is only possible in specific circumstances, which must include the defendant knowingly selling (or disposing of) a firearm. This law provides firm and clear notice of the legislature's intention: the right to bear arms is not a freedom from consequences if a firearm is irresponsibly handled or disposed of. Those selling firearms have to be responsible, and if they know facts showing the gun may be used to embolden

---

[1] A proposed jury instruction before the Court reads: "Reasonable cause to believe that someone intended to sell or otherwise dispose of the firearm to a person in furtherance of a felony, Federal crime of terrorism or drug trafficking means knowing facts that would cause a reasonable person to conclude that the other person had such an intention."

drug dealers, they cannot avert their attention away from that information, and later claim they didn't know for sure.  What those facts could be, and how the seller could know them, is indeed a broad category.  It could be an undercover FBI agent who claims they are in ISIS.  It could be the seller's friend, telling him he needs a gun because an AK-47 is worth much more in barter to a drug trafficking organization in Juarez, Mexico, than it is to a law-abiding Tyler, Texas buyer.

The elements described above provide a clear standard sufficiently defining what conduct this law prohibits and enforcement is not arbitrary.

## III. COUNTS ONE AND TWO OF THE INDICTMENT ARE EASILY DISTINGUISHED FROM EACH OTHER

Martinez claims the conduct alleged in the two Counts is the same. (ECF 44 at 3-4).

For example, Martinez claims both Counts have the same predicate drug offense, though Count One has no predicate offense.  To commit 18 U.S.C. § 922(d)(10), one must sell or otherwise dispose of a firearm to a person the defendant had good cause to believe is a drug trafficker or intent on some felony, or is a terrorist, and the Government need not prove that the drug trafficking or terrorism occurred.  Conversely, to commit 18 U.S.C. § 924(c), the Count Two offense, one need not sell or otherwise dispose of any firearms.

In determining whether Congress intended to punish as separate offenses conduct occurring in the same transaction, absent otherwise clearly expressed intent, courts apply the rule announced in *Blockburger v. United States*, 284 U.S. 299, 304 (1932): "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Applying *Blockburger,* the Supreme Court found an act of selling narcotics may violate three distinct criminal statutes. *Gore v. United States*, 357 U.S. 386 (1958).

To illustrate *Blockburger's* application to this Indictment: the Government anticipates the evidence will show Martinez arrived as a passenger in a pickup Santibanez drove. Santibanez brought cocaine, and Martinez brought an AK-47. Santibanez transferred the cocaine and AK-47 to a buyer for a combined price of $2,800 while Martinez acted as a lookout. Consider if the buyer had been short on money and had to choose one of the two products on Martinez and Santibanez's menu: Had Santibanez kept his cocaine, and the drug dealer bought Martinez's AK-47, Martinez would be guilty of Count 1 only. Had Santibanez sold his cocaine, and Martinez kept his AK-47, he would be guilty of Count 2 only. Each Count requires proof of a fact which the other does not.

**CONCLUSION**

For all these reasons, Defendant's Motion to Suppress should be denied.

Respectfully submitted,

ABE MCGLOTHIN, JR.
Acting United States Attorney

*/s/ Dustin R. Farahnak*
DUSTIN R. FARAHNAK
Assistant United States Attorney
Texas State Bar No. 24115528
110 N. College, Ste. 700
Tyler, TX 75702
(903) 590-1400

**Certificate of Service**

I hereby certify that on February 21, 2025, I filed this motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Counsel of Record for the Defendant.

**/s/ Dustin Farahnak**
DUSTIN FARAHNAK
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | Crim. No.: 6:23-CR-00114-JDK |
| | § | |
| v. | § | |
| | § | |
| FRANCISCO MARTINEZ | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant's Motion to Dismiss Indictment (Doc. 44) and the Government's Response. After due consideration, it is of the opinion that the Defendant's Motion to Suppress should be DENIED.

It is therefore ORDERED that the Defendant's Motion to Dismiss Indictment is DENIED.